Filed 10/5/2023 12:11 PM
Lori Caraway
District Clerk
Bowie County, Texas
Paige Foster, Deputy

CAUSE NO. 23C1117-102

| | | |
|---|---|---|
| ADELSO ENRIQUE REVOLORIO AND MAYRA DELLA CELLA | § § § | IN THE DISTRICT COURT |
| VS. | § § § | _____ JUDICIAL DISTRICT |
| KENNETH SCISNEY III AND CHECKS OVER STRIPES LLC D/B/A COS TRANSPORT | § § § | BOWIE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Adelso Enrique Revolorio and Mayra Della Cella ("Plaintiffs") file this Original Petition complaining of Defendants Kenneth Scisney III and Checks Over Stripes LLC d/b/a Cos Transport ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs state that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial of this matter. Accordingly, Plaintiffs tender the proper jury fee with the filing of Plaintiffs' Original Petition.

### PARTIES

3. Plaintiff Adelso Enrique Revolorio is an individual residing in Denton County, Texas. The last three digits of his driver's license are 452.

4. Plaintiff Mayra Della Cella is an individual residing in Denton County, Texas.

5. Defendant Kenneth Scisney III is a non-resident. A current search of records indicates

Plaintiff's Original Petition - Page 1 of 8



       that he resides at 2321 N Moreland Avenue, Indianapolis, IN 46222 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas, 78701, pursuant to §17.062.

6.   Defendant Checks Over Stripes LLC d/b/a Cos Transport is a non-resident foreign entity that is doing business in the State of Texas; a current search of records from the Texas Secretary of State (a) does not reveal the correct corporate entity name, (b) does not reflect a regular place of business in Texas, and (c) does not designate an agent for service of process. This non-resident entity is doing business in the State of Texas, therefore pursuant to CPRC § 17.044 service of process may be accomplished by service on the Secretary of State, Citations Unit, 1019 Brazos, Room 105, Austin, Travis County, 78701 who will accomplish service upon Defendant Checks Over Stripes LLC d/b/a Cos Transport by mailing a copy of the citation and petition to the defendant by registered mail or certified mail return receipt requested to its registered agent Kenneth Scisney at 2321 N. Moreland Ave, Indianapolis, IN 46222.

7.   Pursuant to TEX. R. CIV. P. 28, Plaintiffs hereby give all Defendants notice that they are being sued in all business, common, trade, or assumed names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and/or private corporations. Plaintiffs hereby demand that upon answering this suit, Defendants answer in their correct legal name(s) and assumed name(s).

## VENUE AND JURISDICTION

8. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

9. This lawsuit is based on a motor vehicular collision occurring on or about November 08, 2022, at or near Interstate Highway 30 in Bowie County, Texas (hereinafter referred to as "The Collision").

10. The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.

11. At the time of the collision, Defendant Kenneth Scisney III was working in the course and scope of his employment for Defendant Checks Over Stripes LLC d/b/a Cos Transport. As a result of the collision, Plaintiffs suffered serious, severe, and life altering injuries and damages.

## CAUSES OF ACTION

### Negligence and / or Negligence *Per Se* and Respondeat Superior

12. At the time of The Collision, Defendant Kenneth Scisney III was negligent and / or negligent *per se* in one or more of the following particulars:

   a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
   b. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
   c. In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

    d.    In failing to yield the right-of-way;
    e.    In failing to maintain his vehicle under control;
    f.    In following too closely;
    g.    In disregarding traffic signals;
    h.    In failing to take proper evasive action;
    i.    In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and
    j.    In violating Texas Transportation Code Sections 545.351 (maximum speed requirement) and 545.4251 (use of portable wireless communication device for electronic messaging).

13. At the time of The Collision, Defendant Kenneth Scisney III was acting in the course and scope of his employment with Defendant Checks Over Stripes LLC d/b/a Cos Transport. As a result, Defendant Checks Over Stripes LLC d/b/a Cos Transport is legally liable for the acts and omissions of negligence of Defendant Kenneth Scisney III under the doctrine of respondeat superior.

14. Defendant Checks Over Stripes LLC d/b/a Cos Transport was negligent in hiring Defendant Kenneth Scisney III as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so. It was also negligent in its training of Defendant Kenneth Scisney III and its operation of its company vehicle system. Such negligence, singularity, or in combination with others, proximately caused The Collision.

15. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiffs' injuries and damages.

## PERSONAL INJURIES AND DAMAGES

16. As a result of Defendants' negligent actions, Adelso Enrique Revolorio suffered personal

injuries. Consequently, Adelso Enrique Revolorio seeks recovery of the following damages:

    a. <u>Medical Expenses:</u> Adelso Enrique Revolorio incurred bodily injuries which were caused by The Collision and Adelso Enrique Revolorio incurred medical expenses for treatment of such injuries. Adelso Enrique Revolorio believes that, in reasonable medical probability such injuries will require the need for future medical care.

    b. <u>Physical Pain:</u> Adelso Enrique Revolorio endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

    c. <u>Mental Anguish:</u> Adelso Enrique Revolorio endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

    d. <u>Disfigurement</u>: Adelso Enrique Revolorio endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

    e. <u>Impairment</u>: Adelso Enrique Revolorio endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

    f. <u>Loss of Earning Capacity</u>: Adelso Enrique Revolorio lost wages as a result of the personal injuries sustained in The Collision. Adelso Enrique Revolorio reasonably believes that such injuries will diminish Adelso Enrique Revolorio's earning capacity in the future.

17. As a result of Defendants' negligent actions, Mayra Della Cella suffered personal injuries. Consequently, Mayra Della Cella seeks recovery of the following damages:

    a. <u>Medical Expenses:</u> Mayra Della Cella incurred bodily injuries which were caused by The Collision and Mayra Della Cella incurred medical expenses for treatment of such injuries. Mayra Della Cella believes that, in reasonable medical probability such injuries will require the need for future medical care.

    b. <u>Physical Pain:</u> Mayra Della Cella endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such

        pain will continue in the future.

    c.     <u>Mental Anguish</u>: Mayra Della Cella endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

    d.     <u>Disfigurement</u>: Mayra Della Cella endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

    e.     <u>Impairment</u>: Mayra Della Cella endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

    f.     <u>Loss of Earning Capacity</u>: Mayra Della Cella lost wages as a result of the personal injuries sustained in The Collision. Mayra Della Cella reasonably believes that such injuries will diminish Mayra Della Cella's earning capacity in the future.

## **AGGRAVATION**

18.     In the alternative, if it be shown that the Plaintiffs suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## **U.S. LIFE TABLES**

19.     Notice is hereby given to the Defendant that Plaintiffs intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter. Plaintiffs request that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

20. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiffs' right to recover the relief sought herein have occurred or have been performed.

21. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs state that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs state that Plaintiffs seek monetary relief in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiffs will be in a better position to give the maximum amount of damages sought.

22. Plaintiffs request that Defendants be cited to appear and answer, and that this case be tried after which Plaintiffs recover:

    a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
    b. Pre-judgment interest at the maximum amount allowed by law;
    c. Post-judgment interest at the maximum rate allowed by law;
    d. Costs of suit; and
    e. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**REYES BROWNE LAW**

/s/ Ryan J Browne
**Ryan J Browne**
State Bar No. 00796262
**Alex Ivanov**
State Bar No. 24122529
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900

(214) 526-7910 (FAX)  
ryan@reyeslaw.com  
alex@reyeslaw.com  

**ATTORNEY FOR PLAINTIFF**